IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BASAVARAJ HOOLI, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 21-1272-RGA |
| CLERK LEVY COUNTY COURT, | : |
| Defendant. | : |

**MEMORANDUM**

Plaintiff Basavaraj Hooli, who appears *pro se* and has been granted leave to proceed *in forma pauperis*, filed this action on September 7, 2021. (D.I. 2). He filed an Amended Complaint on September 8, 2021 and it is the operative pleading. (D.I. 4). Plaintiff has also filed a motion to expedite. (D.I. 9). I will review and screen the Amended Complaint under 28 U.S.C. § 1915(e)(2)(B).

Plaintiff invokes the jurisdiction of this Court by reason of a federal defendant, diversity of citizenship, and a federal question. (D.I. 4 at 3). Plaintiff resided in Delaware when he filed this action. He currently resides in Georgia. Plaintiff filed this action to stop a tax sale of the Regional General Hospital in Williston, Florida, that was to take place on September 13, 2021. (D.I. 4 at 3). While not clear, it appears that Plaintiff was employed by the hospital. Plaintiff complains that his name is not included in the auction, he has a mechanic's lien judgment, and the hospital owes him money. Plaintiff alleges that the hospital is needed in the area, and he "trying to open the hospital to the public." (*Id.*). The sole defendant is the Clerk of Levy County Court, Bronson, Florida.

A civil action not founded solely on diversity of citizenship is properly brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).  The Court may transfer a case "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  The Court may raise venue and issue a Section 1404(a) transfer order sua sponte.  See, e.g., Amica Mut. Ins. Co. v. Fogel, 656 F.3d 167 (3d Cir. 2011).

Here, it appears that the events giving rise to Plaintiff's claims occurred in Levy County, Florida and, more particularly, in the United States District Court for the Northern District of Florida, Gainesville Division.  Also, as pled, Defendant is located in Florida and common sense dictates that many witnesses are located in Florida.  The Court considers the allegations in the Amended Complaint and finds the interests of justice favor transferring the action to the United States District Court for the Northern District of Florida, Gainesville Division, where based upon the allegations it appears the events took place and where witnesses are located.

For the above reasons, the Clerk of Court will be directed to transfer this action to the United States District Court for the Northern District of Florida, Gainesville Division.

2

Plaintiff's motion for expedite will be dismissed as moot.

    A separate order shall issue.

_____
UNITED STATES DISTRICT JUDGE

April 8, 2022
Wilmington, Delaware