IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BASAVARAJ HOOLI,

    Plaintiff,

v.                                              CASE NO. 1:22-cv-92-AW-GRJ

CLERK, LEVY COUNTY
COURT et al.,

    Defendants.
_____/

## ORDER AND REPORT AND RECOMMENDAITON

Pending before the Court are *pro se* Plaintiff's Motion for Reconsideration, ECF No. 25, Plaintiff's Third Motion to Appoint Counsel, ECF No. 27, and Plaintiff's Second Amended Complaint, ECF No. 26, in this action transferred from the District of Delaware, ECF No. 12. The three recent filings come after Plaintiff voluntarily dismissed this case without prejudice on June 1, 2022, ECF No. 23.

The Court construes the Motion for Reconsideration as a Motion for Leave to Amend. Upon due consideration of the Second Amended Court concludes that the Second Amended Complaint is due to be dismissed with prejudice because the Court lacks subject matter jurisdiction over this case and because amending the complaint did not and cannot cure that fatal

flaw. *Bennett v. Langford*, 796 F. App'x 564, 567 (11th Cir. 2019) (per curiam) (an amendment is considered futile if the complaint as amended would still be subject to proper dismissal).[1]

## I. BACKGROUND FACTS

Plaintiff Basavaraj Hooli ("Hooli") attempts to sue two defendants for monetary losses he allegedly suffered due to the public auction of Regional General Hospital ("RGH") located in Williston, Florida—(1) the Levy County, Florida Clerk of Court ("Clerk") and (2) Complete Business Solutions, Inc. ("CBS") of Philadelphia, Pennsylvania. ECF No. 26. In the Second Amended Complaint, Hooli alleges that he was appointed to serve as "ACHA (State of Florida) Clinical Inspector" at RGH from November 25, 2018, up until July of 2019 when the hospital was closed (for delinquent property taxes).[2] *Id*. at 1. In 2020, RGH's owner, Jorge Perez, sold the

---

[1] "Generally, where a more carefully drafted complaint might state a claim, the district court abuses its discretion if it does not provide a *pro se* plaintiff at least one opportunity to amend before the court dismisses with prejudice, unless doing so would be futile because a more carefully crafted complaint would still not be able to state a claim or the plaintiff clearly indicates that he does not wish to amend his complaint." *Woodroofe v. Fla. Dep't of Fin. Servs.*, 774 F. App'x 553, 554 (11th Cir. 2019) (per curiam). In the case at hand, Plaintiff amended his pleading three times. *See* ECF Nos. 4, 15, and 26.

[2] The allegations of the Complaint are difficult to decipher, so the Court had to rely, in part, on online news stories about the closure of the hospital. *See* Former Williston Hospital Closes Down, Goes Dark, Leaving Trail of Back Taxes - Spotlight (spotlightonlevycountygovernment.com)

2

hospital, at auction, to Defendant CBS for $100.[3]  Hooli alleges that CBS "destroyed" RGH by failing to provide the $10 million needed to bring RGH back into operation.  *Id.* at 4.  For relief against CBS, Hooli asks this Court to fine CBS $10 million to rebuild RGH and to repay Hooli for the $1,153,494 in tax liens that he owes.  ECF No. 26 at 5.

Hooli's claims against the Clerk are difficult to ascertain, but it appears that they fall into the following two categories:  (1) claims related to the County's levying of property taxes against RGH, which it had not done in "100 years"; and (2) the County's auction of RGH, which resulted in a "fraudulent" sale to CBS, which further resulted in a "fraud lien" of $256,000.  *Id.* at 4-5.  Hooli does not say what relief he seeks from the Clerk.

In his First Amended Complaint, Hooli attempted to sue two additional defendants who participated in the "fraudulent" activity alleged in both complaints—(1) Dr. Devaih Pagidipati and (2) the Securities and Exchange Commission ("SEC").  ECF No. 15.  In its Order dated May 18, 2022, the Court pointed out the specific problems with Hooli's attempt to sue any of the four named Defendants in this Court.  ECF No. 19.  Nevertheless, the Court allowed Hooli to amend his complaint, if he could

---

[3] *See* Williston Regional General Hospital sold for $100 (wcjb.com).

3

do so in compliance with the Court's instructions. ECF No. 19. Rather than amend, Hooli filed a Notice of Voluntary Dismissal. ECF No. 23. One week later, Hooli filed the instant Second Amended Complaint, dropping the claims previously asserted against Dr. Pagidipati and the SEC. ECF No. 26.

## II.  DISCUSSION

After careful review, the Court concludes that none of Hooli's allegations states a federal claim.

Federal courts are courts of limited jurisdiction that possess only that power authorized by the Constitution and federal statutes. *See, e.g., Delaware v. Van Arsdall*, 475 U.S. 673, 692, 106 S.Ct. 1431, 1442, 89 L.Ed.2d 674 (1986) (Stevens, J. dissenting). A plaintiff invoking the court's jurisdiction must establish the basis for such jurisdiction in the complaint. *See Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994). And it is well established that federal courts are obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking. *See Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) (citation omitted). This Court generally has subject matter jurisdiction over cases that either involve a federal question, 28 U.S.C. § 1331, or where there is complete diversity of citizenship among the parties and the amount in controversy exceeds

4

$75,000, 28 U.S.C. § 1332(a)(1).

If the Court's subject-matter jurisdiction is properly invoked, a complaint must also contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requires a plaintiff to assert "sufficient factual matter" that, if accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "The plausibility standard is met only where the facts alleged enable the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (internal quotation and citation omitted). Mere labels and conclusions are insufficient. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949. The Court will not penalize a *pro se* litigant for "linguistic imprecision," *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008), but a cause of action must be discernable. A court does not have "license to … rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), *overruled on other grounds by, Iqbal*, 556 U.S. at 678.

As discussed below, this Court has neither federal question nor diversity jurisdiction over this case.  Consequently, dismissal is warranted.

### A. No federal question is presented.

Hooli presents no federal question for this Court to resolve. Federal-question jurisdiction may be based on a civil action alleging a violation of the Constitution or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute. *City of Huntsville v. City of Madison,* 24 F.3d 169, 171-72 (11th Cir. 1994). Although the vast majority of cases that fall within such federal-question jurisdiction are cases that arise under federal law that creates a cause of action, "[i]n limited circumstances, federal-question jurisdiction may also be available if a substantial, disputed question of federal law is a necessary element of a state cause of action." *Id.* at 173-74 (citation omitted).

In the case at hand, Hooli previously used this Court's civil rights complaint form, purporting to bring an action under 42 U.S.C. § 1983.  ECF No. 15.  Hooli cannot, however, state a §1983 claim against any of these Defendants.

First and foremost, Hooli claims against the Clerk for assessing "fraudulent" taxes and liens against him and RGH, cannot be resolved by

6

this Court.  *See Kelly v. Ala. Dep't of Revenue*, 638 F. App'x 884, 890 (11th Cir. 2016) (district court lacked subject matter jurisdiction in state-tax dispute requesting damages) (per curiam).  Moreover, the United States Supreme Court has held that even alleged constitutional violations do not state a claim under §1983 where the state's tax system is being challenged.  *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981) (principle of comity barred state taxpayer's suit for damages under Section 1983 to address allegedly unconstitutional administration of state tax system). Consequently, Hooli has no §1983 lawsuit against the Clerk.

     Second, two of the Defendants in this case, CBS and Dr. Pagidipati, are private actors.  Only in rare circumstances may a private party be viewed as a state actor for purposes of liability under §1983.  To hold that private parties are state actors, this Court must conclude that one of the following conditions is met: (1) the state coerced or at least significantly encouraged the action alleged to violate the Constitution (state compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the state (public function test); or (3) the state had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise

(nexus/joint action test).  *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001).  Hooli's allegations against CBS and Dr. Pagidipati[4] do not satisfy any of these tests, thus the §1983 claims against them fail.

As for the SEC, no cause of action exists against this Defendant. As a federal agency, the SEC can only be sued as Congress permits.  And, Congress has nowhere declared that the SEC may be sued in its own name apart from having its orders reviewed in the courts of appeals.  In *Blackmar v. Guerre*, 342 U.S. 512, 515, 72 S.Ct. 410, 412, 96 L.Ed. 534 (1952), in affirming the dismissal of a complaint against the Civil Service Commission, the Supreme Court stated:

> When Congress authorizes one of its agencies to be sue eo nominee, it does so in explicit language or impliedly because the agency is the offspring of such a suable entity.  *See Keifer v. R.F.C.*, 306 U.S. 381, 390, 59 S.Ct. 516, 518, 83 L.Ed. 784 (1939).

The SEC, like the Civil Service Commission, cannot be sued eo nominee.  *Holmes v. Eddy*, 341 F.2d 477, 480 (4th Cir. 1965), cited approvingly in *NLRB v. Nash-Finch Co.*, 404 U.S. 138, 146 n.4, 92 S.Ct.

---

[4] In the First Amended Complaint, Hooli alleged that Dr. Pagidipati practiced medicine without a license and committed Medicare fraud against RGH. ECF No. 15. at 6.  Hooli sought $6 million in damages against Dr. Pagidipati for "destroying the hospital." *Id*. at 7.

373, 378 n.4, 30 L.Ed.2d 328 (1971); *M.G. Davis & Co., Inc. v. Sec. & Exch. Comm'n*, 252 F. Supp. 402, 403 (S.D.N.Y. 1966) ("The [SEC] is an agency of the United States Government established by 15 U.S.C. § 78d and, as such, may not be sued in evasion of sovereign immunity.") (citation omitted); *Progressive Sec., Inc. v. Young*, 267 F. Supp. 20, 21 (W. Va. 1967) ("The law is well settled that the S.E.C., as an agency of the United States, may only be sued in the manner authorized by Congress.  There has been no consent for an action of this sort and it may not be maintained against the Commission eo nomine.").

In this case, the Court previously pointed out to Hooli that the SEC cannot be sued.  *See* ECF No. 19 at 6-7.  Presumably, that is why Hooli removed the SEC as a defendant when he filed the Second Amended Complaint.  *See* ECF No. 26.

Finally, the Court has carefully reviewed the Second Amended Complaint and concludes that no federal statute or provision of the United States Constitution confers on Hooli a right that can be enforced by this Court in this case, even construing the pleadings quite liberally. Moreover, because Hooli's alleged state-law fraud claims do not raise a substantial, disputed question of federal law as a necessary element of the claims, this Court lacks federal question jurisdiction.

**B.     The parties are not completely diverse.**

With respect to diversity jurisdiction, Hooli alleges that he is a citizen of the State of Florida and that at least one the Defendants, the Clerk, is also a citizen of Florida.[5] As a result, complete diversity of the parties is lacking. The rule of complete diversity provides that generally diversity jurisdiction may be sustained only where "there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dep't of Corr. v. Schacht,* 524 U.S. 381, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998). Because Hooli and the Clerk are both citizens of the State of Florida, this Court does not have diversity jurisdiction.

## CONCLUSION

In view of the above, this Court lacks subject-matter jurisdiction to resolve Plaintiffs claims, mandating dismissal. Further, Plaintiff's Motion for Reconsideration, which the Court construes as a motion to amend, is due to be denied on the grounds that amendment is futile. Finally, Plaintiff's Third Motion to Appoint Counsel is due to be denied on the same grounds explained by the Court in its orders denying Plaintiff's first and second motions for appointment of counsel. *See* ECF Nos. 19, 22.

---

[5] Dr. Pagidipati is also a citizen of Florida. ECF No. 15 at 4.

10

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Reconsideration, ECF No. 25, is **DENIED**.

2. Plaintiff's Third Motion to Appoint Counsel, ECF No. 27, is **DENIED**.

Further, the undersigned respectfully **RECOMMENDS** that this case should be **DISMISSED with prejudice** for lack of subject matter jurisdiction, and then the case should be closed.

**IN CHAMBERS** at Gainesville, Florida this 13th day of June 2022.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.